FILED
2017 Apr-03  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMERICAN SOUTHERN INSURANCE
COMPANY,

      Plaintiff,

vs.

RICHARD SPROUSE
CONSTRUCTION, INC.; RICHARD R.
SPROUSE, an individual; and WILLIAM
A. SPROUSE, an individual,

      Defendants.

CIVIL ACTION NO. _____

## VERIFIED COMPLAINT

## I.  JURISDICTION AND VENUE

1.    Plaintiff AMERICAN SOUTHERN INSURANCE COMPANY (hereinafter "American Southern") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Topeka, Kansas.  At all relevant times American Southern has been duly authorized, licensed and engaged in the insurance and bonding business in this judicial district.

2.    Defendant Richard Sprouse Construction, Inc. ("Sprouse Construction") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.

{B2444353}

3.     Defendant Richard R. Sprouse is an individual who is over the age of nineteen (19) years and resides in Helena, Alabama.

4.     Defendant William A. Sprouse is an individual who is over the age of nineteen (19) years and resides in Pelham, Alabama.

5.     Jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds the sum of Seventy-Five Thousand and No/100 dollars ($75,000.00), exclusive of interest and costs.

## II.   FACTUAL ALLEGATIONS

6.     At the request of Sprouse Construction, American Southern has issued a series of performance and payment bonds on behalf of Sprouse Construction as identified below:

| Bond Number | Obligee | Project |
|---|---|---|
| 63524<br>64322<br>64329<br>64414 | City of Birmingham<br>City of Vestavia Hills<br>City of Lincoln<br>Blount County Commission | Dorothy Spears Park<br>Vestavia Hills Library ADA Path<br>Magnolia Street Sidewalk<br>Blount County Courthouse |

(Copies of said payment and performance bonds are attached hereto as Exh. 1, 2, 3, and 4).

7.     American Southern received notices of claims from labor and material suppliers on all of the bonded projects that Sprouse Construction failed to pay.

8.     In addition, American Southern received performance bond claims from the City of Vestavia Hills and the Blount County Commission resulting from Sprouse Construction's default under its bonded contracts with those entities.

9.     On the City of Birmingham, Dorothy Spears Park Project, American Southern made one payment of $21,813.77 pursuant to a payment bond claim. (Exh. 5).

10.    On the City of Vestavia Hills, Library ADA Path Project, American Southern made two payments totaling $16,399.16 pursuant to payment bond claims and one payment of $36,542.88 to the City of Vestavia Hills pursuant to obligations under the performance bond. (Exh. 6).

11.    On the City of Lincoln, Magnolia Street Sidewalk Project, American Southern made two payments totaling $28,120.98 pursuant to payment bond claims. (Exh. 7).

12.    On the Blount County Commission, Blount County Courthouse Project, American Southern made three payments totaling $58,486.07 pursuant to payment bond claims and one payment of $102,819 to the Blount County

Commission pursuant to obligations under the performance bond. (Exh. 8). American Southern also received a payment bond claim from Weathers Rental Center for $9,319.12 which remains unresolved but for which American Southern has potential liability.

13.    The total of said payments that American Southern has made to discharge bonded obligations is $264,182.61. The sum of said payments plus the unresolved claim of Weathers Rental Center is $273,501.73

14.    Before American Southern issued any bonds on behalf of Sprouse Construction, the Defendants, separately and severally, executed a General Agreement of Indemnity ("GAI") in favor of American Southern in which the Defendants each promised to indemnify, exonerate and hold American Southern harmless from any loss, cost, damage, or expense that might result from having issued any bonds on behalf of Sprouse Construction. (*See* Exh. 9, GAI, at ¶ 2).

15.    Pursuant to the express terms of the GAI, the Defendants, separately and severally, agreed to collateralize American Southern in anticipation of any loss under any bonds issued on behalf of Sprouse Construction as soon as liability existed or was asserted. Specifically, the Defendants agreed as follows:

**COLLATERAL SECURITY**

If a claim is made against Surety, or if the Surety deems itself insecure or otherwise in its sole discretion deems it necessary to establish a reserve for potential claims, and upon demand from Surety, Indemnitors shall deposit with Surety cash or other property

acceptable to Surety, as collateral security, in sufficient amount to protect Surety with respect to such claim or potential claims and any expense or attorneys' fees. Such collateral may be applied to any indebtedness of Indemnitors hereunder or held by Surety until it has received evidence of its complete discharge from such claim or potential claims, and until it has been fully reimbursed for all loss, expense and attorneys' fees. Surety shall have no obligation to invest, or to provide a return on, the deposit.

Each of the undersigned agree that the failure to provide Surety with collateral it demands and to which it is entitled, as set forth in this agreement shall entitle Surety to immediately (or whenever Surety otherwise chooses to do so) seek an injunction requiring some or all (whichever Surety chooses) of the undersigned to post collateral equal to the amount Surety demanded, and the undersigned waive any argument or purported defense that Surety has other remedies at law other than the injunction. **The undersigned also agree that the failure to post collateral with Surety in the amount demanded constitutes irreparable harm to Surety.**

(*See* Exh. 9, GIA, at ¶ 5) (emphasis added).

16.     In accordance with the provisions of the GAI, American Southern has requested that the Defendants reimburse American Southern for its losses or, in the alternative, to deposit collateral in the amount of $273,501.73 pending final resolution of all claims. (Exh. 10, March 22, 2017 Letter from Hattings). The Defendants have failed to honor this request for reimbursement or collateralization, and have otherwise refused to perform their obligations as specified in the GAI.

17.     Based upon its investigation to date, and in light of the facts and circumstances as set forth herein, American Southern justifiably fears that the assets of the Defendants may be insufficient to provide for the reimbursement, exoneration, and indemnification of American Southern, as surety. In equity and

{B2444353}                                    5

good conscience, the assets of the Defendants should be made available for the performance of their obligations as set forth in the GAI.

18.     American Southern offers to do equity and requests equitable relief so as to provide for its exoneration.

## COUNT ONE
## CLAIM FOR REIMBURSEMENT

19.     American Southern adopts and re-alleges all averments of Paragraphs 1 through 18 of the Verified Complaint as if set forth in full herein.

20.     As a result of the failure of Sprouse Construction to perform its contractual obligations to complete the projects and to pay its labor and materials suppliers to the above-referenced projects, American Southern has incurred losses and expenses which, to date, total $264,182.61 to satisfy claims against the performance and payment bonds that American Southern issued on behalf of Sprouse Construction on the projects referenced above.

21.     By virtue of common law and of the terms of the GAI, the Defendants, separately and severally, are liable to American Southern in an amount equal to all losses, costs, and expenses, including attorney's fees, incurred by American Southern as a result of having issued the above-referenced bonds on behalf of Sprouse Construction.

WHEREFORE, PREMISES CONSIDERED, American Southern demands judgment against the Defendants, separately and severally, in the amount of $264,182.61, plus all future losses American Southern may incur, plus other relief permitted by law, all costs of this action, and all attorney's fees incurred by American Southern resulting from the issuance of the above-referenced bonds, together with such further and different relief to which American Southern, as surety, is entitled.

## COUNT TWO
## EXONERATION AND SPECIFIC PERFORMANCE

22.     American Southern adopts and re-alleges all averments of Paragraphs 1 through 21 of the Complaint as if set forth in full herein.

23.     By virtue of the terms and obligations of the Defendants as provided in the GAI, and by virtue of the laws governing the relationship of principal and surety, and the equitable doctrine of *quia timet*, American Southern is entitled to equitable relief to provide for its exoneration and for the preservation of all assets currently in the possession of Defendants in a manner consistent with the primary obligations of Defendants to all claimants under the aforesaid bonds, and is further entitled to specific performance of the terms of the GAI.

24.     In light of the facts and circumstances as set forth herein, American Southern justifiably fears that the assets of Defendants will be insufficient and

{B2444353}                                    7

inadequate to provide for its indemnification. Accordingly, American Southern requests this Court to assume jurisdiction over this cause and, pursuant to this Court's equitable and legal powers, provide for the exoneration of American Southern, as surety, in the following manner:

(a)   That the Defendants be required to immediately deposit with American Southern such sums or other security or property as maybe required to fully reimburse American Southern from any losses and expenses, including legal fees, under the aforesaid bonds in an amount not less than $273,501.73;

(b)   That the Defendants, separately and severally, be required to render a complete, full, and sworn accounting to the Court and to American Southern, as surety, as to any and all assets owned or controlled by them, or in which any Defendant has any interest, or in which any Defendant has had any interest at any time during the last three (3) years, and further provide American Southern with all access to all books and records which in any manner relate, refer or pertain to the financial affairs of the Defendants;

(c)   That pending deposit of collateral as requested herein, a judicial lien be established in favor of American Southern as to any and all assets of the Defendants, including any and all contract balances, retainages, bank accounts, and any other funds identifiable with any other bonded project, whether such assets or funds are real, personal, or mixed, said lien to be subject to any valid and existing

security interest or liens in said assets or property which may pre-date the Order of this Court; and

(d)     That the Defendants, separately and severally, immediately indemnify American Southern with respect to any and all costs, expenses, attorney's fees and all other losses which American Southern has sustained to date, or which American Southern may sustain in the future by virtue of the issuance of said bonds;

(e)     That the Defendants, separately and severally, be required to specifically perform all other obligations as specified in the GAI so as to accomplish the exoneration and indemnification of American Southern; and

(f)     That the Court provides such further, additional and different relief so as to provide for the exoneration of American Southern, as surety.

## COUNT THREE
## REQUEST FOR PRELIMINARY INJUNCTION

25.     American Southern adopts and re-alleges all averments of Paragraphs 1 through 24 of the Complaint as if set forth in full herein.

26.     Pending deposit of collateral as requested in Count Two of the Complaint, American Southern requests the Court to impose immediate equitable relief in the nature of a preliminary injunction to provide the following relief:

(a)   Enjoining and restraining the Defendants, separately and severally, their agents, servants, employees, attorneys, assigns, and all the persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing, transferring, or in any other manner disposing of or dealing with any of their properties having a value of more than One Thousand Dollars ($1,000.00), whether real, personal, cash, lands, securities or chattels, against which American Southern would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an order requiring the Defendants to specifically perform their obligations to the surety, and further from removing, destroying, or transferring any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts receivable, inventories, motor vehicle records, and all their business records in any form or nature whatsoever.

(b)   Declaring and imposing a judicial lien in favor of American Southern with respect to any and all assets and property of the Defendants, separately and severally, including any realty, personal or other property owned or controlled by any of the Defendants or property in which any of the Defendants has any interest, said judicial lien to remain in full force and effect pending full

performance of the obligations of the Defendants to American Southern as requested herein;

       (c)    Requiring the Defendants, separately and severally, to make an accounting within ten (10) days to this Court in the form of a sworn affidavit as to the nature, extent and location of any and all assets, and as to the disposition of any and all assets possessed by the Defendants, or coming within their custody or control during the last one hundred and eighty (180) days preceding the date of the Order of this Court;

       (d)    Marshaling and sequestering the assets of the Defendants for the purpose of exonerating the surety;

       (e)    Ordering the Defendants to deposit with American Southern assets or other securities sufficient to secure American Southern from its losses; and

       (f)    Such other relief as may be equitable under the premises.

   27.    American Southern seeks injunctive relief on the grounds that:

       (a)    Unless restrained by this Court, American Southern justifiably fears that the Defendants may perform such acts sought by American Southern to be prohibited;

       (b)    Such action by the Defendants will result in irreparable harm, injury and loss to American Southern in that the assets of the Defendants, absent

injunction, could be expended for purposes other than reimbursing or collateralizing American Southern against losses under the bonds;

(c)   The issuance of the said Preliminary Injunction will not cause undue inconvenience or hardship to the Defendants, but will prevent irreparable injury to American Southern;

(d)   The issuance of a Preliminary Injunction will preserve assets available for the specific performance of the Defendants' obligations and is consistent with the remedies and relief available to American Southern, as surety, under the doctrines of exoneration and *quia timet*.

## COUNT FOUR
## APPLICATION FOR TEMPORARY RESTRAINING ORDER

28.   American Southern adopts and incorporates all averments of Paragraphs 1 through 27 of the Verified Complaint as if set forth in full herein.

29.   Pursuant to Rule 65 of the *Federal Rules of Civil Procedure*, American Southern further requests and prays the Court for entry of a Temporary Restraining Order in the manner requested in Count Three of this Verified Complaint pending a hearing and determination of the issued set forth American Southern's request for a Preliminary Injunction.

30.   Alternatively, American Southern requests that this Court temporarily enjoin and restrain the Defendants, separately and severally, and all others in active

concert and participation with them, from making or attempting to make any transfers or conveyances of assets, and from selling, conveying, mortgaging, encumbering, or in any other substantive manner dealing with any of their assets or property, pending disposition of the issues set forth in American Southern's request for a Preliminary Injunction as set forth in the preceding counts of this Complaint.

31.    In support of this application, American Southern shows unto the Court that unless enjoined and restrained, the Defendants may engage in conduct that will result in immediate and irreparable injury, loss, and damages to American Southern before the Defendants or their attorneys can be heard in opposition.

WHEREFORE, PREMISES CONSIDERED, American Southern requests entry of a Temporary Restraining Order.

J. Scott Dickens (DIC023)
E-mail:  sdickens@starneslaw.com
Amber M. Whillock (WHI140)
e-mail: awhillock@starneslaw.com

*Attorneys for Plaintiff,*
*American Southern Insurance Company*

OF COUNSEL:

Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama  35209
(205) 868-6000
Fax:  (205) 868-6099

OF COUNSEL:

Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama  35209
(205) 868-6000
Fax:  (205) 868-6099

## **VERIFICATION**

STATE OF GEORGIA         )
                                            )
COUNTY OF _Fulton_      )

     Before me the undersigned Notary Public, in and for said County and in said State, personally appeared William J. Hattings, V.P. of  National Claim Services, as Claims Adjuster for American Southern Insurance Company, who being first duly sworn, deposes and says that he is the Claims Adjuster for American Southern Insurance Company, that he has personally reviewed the Verified Complaint, that he personal knowledge of the matters stated therein, and that the allegations stated therein are true.

_____
William J. Hattings

Given under my hand seal this _27_ day of _March_, 2017.

_____
Notary Public
My Commission Expires: _January 16, 2021_
(OFFICIAL NOTARY SEAL)

**PLEASE SERVE THE FOLLOWING BY U. S. CERTIFIED MAIL:**

Richard Sprouse Construction, Inc.
409-B Canyon Park Circle
Pelham, Alabama 35124

Richard Sprouse
2504 Bridgewood Drive
Helena, AL 35080

William A. Sprouse
409-B Canyon Park Circle
Pelham, AL 35124

Lakeman & Peagler LLC
1904 Indian Lake Drive Ste. 200
Birmingham, AL 35244